## BERKS COUNTY.


JANUARY TERM, 1881.   No. 38½.                    FEBRUARY 27TH, 1882.

# In re Cross Keys Tavern Road.

1. There is nothing illegal or irregular in the appointment of road reviewers,
whilst exceptions are pending to the report of viewers, though a rule of Court
provides that, "where a petition for a review is filed, and exceptions to the
proceedings of the view are taken, the petition for a review will be marked *held
under advisement*, and will be so held until the exceptions are disposed of."
2. The confirmation of a report of reviewers laying out a road is necessarily a
dismissal of exceptions to the report of viewers grounded upon alleged want of
necessity for the road, and inadequacy of damages.

Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUN-
KEY, STERRETT, and GREEN, JJ.

Certiorari to the Court of Quarter Sessions of *Berks
County.*

Exceptions to the report of viewers laying out a road from
Cross Keys Tavern to Schaefferstown.

Rule VI. of the Court below provided that, "where a petition
for a review is filed, and exceptions to the proceedings of the
view are taken, the petition for a review will be marked
*held under advisement,* and will be so held until the exceptions
are disposed of."

June 5th, 1876, Joseph Wilhelm, Jacob Gerhart, and other
citizens, presented a petition asking for a road from Cross
Keys Tavern to Schaefferstown, and the Court appointed
viewers.  June 23d, 1876, the viewers reported laying out
the road, and fixing the damages, which report was confirmed
*nisi,* August 21st, 1876.

November 10th, 1876, Sarah Radenbach filed exceptions to
the report of viewers, that, 1st, the road was unnecessary;
2d, the damages awarded the estate of John Radenbach
were inadequate; 3d, the road would be burdensome; 4th,
the jury were entertained by the petitioners; 5th, insufficient
notice.

Depositions were taken and filed December 17th, 1877.

On the 11th of November, 1876, Jacob Stupp, Elias Standt,

[*In re* Cross Keys Tavern Road.]

and others, presented a petition for a review, which was filed, and indorsed, "Held under advisement." October 7th, 1878, the court appointed reviewers, who reported, October 21st, 1878, laying out the road, and assessing the damages. Exceptions were filed to this report.

September 4th, 1880, the Court dismissed the exceptions and confirmed the report.

The appellant then took out a writ of *certiorari*, assigning, that the Court erred in appointing reviewers whilst exceptions were pending to the report of viewers, and that the Court erred in confirming the report of reviewers while such exceptions were pending.

*Jacob S. Livingood* and *Edwin Shaller*, for the appellant:

The judgment of the Court was contrary to Rule VI. of the Court of Quarter Sessions, which expressly requires that the petition for review shall be held under advisement, until the exceptions to the report of viewers are disposed of.

This rendered it legally impossible for the Court to appoint reviewers until Sarah Radenbach's exceptions could be disposed of in a regular way.

The Court inadvertently and illegally appointed reviewers during the pendency of the exceptions. The order to review ought not to have been issued until the Court could have disposed of the exceptions.

*J. George Seltzer* and *Cyrus G. Derr*, for the appellee:

The only exceptions raised by the testimony were as to the necessity of the road, and the inadequacy of the damages, and as to these a review was the only means of informing the Court

The rule was, therefore, not violated. Its construction was for the Court: Gannon *v.* Fritz, 29 P. F. Smith, 307.

The order for review is *ipso facto* an overruling of the exceptions.

MARCH 13TH, 1882.—PER CURIAM: There was nothing illegal or irregular in the appointment of reviewers whilst exceptions were pending to the report of viewers, and the confirmation of the report of the reviewers was necessarily a dismissal of the exceptions to the report of the viewers.

Proceedings affirmed.